UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    Plaintiff

v.                                                   Case Number 8:12CR254-001

                                                     USM Number 23107-047

**GABINO HUERTA-NAVARRETE**
    Defendant

                                                     THOMAS L. NIKLITSCHEK

                                                     Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Indictment on 10/23/12.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 8:1326(a) and 8:1326(b)(1)- ILLEGAL ALIEN FOUND IN UNITED STATES FOLLOWING REMOVAL SUBSEQUENT TO CONVICTION FOR A FELONY | June 27, 2012 | I |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                            Date of Imposition of Sentence:
                                                         January 25, 2013

                                                       s/ John M. Gerrard
                                                United States District Judge

                                                         January 30, 2013

Defendant: GABINO HUERTA-NAVARRETE                                      Page 2 of 5
Case Number: 8:12CR254-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **(twenty) 20 months**.

The Court makes the following recommendations to the Bureau of Prisons:

1. Defendant should be given credit for time served.  Defendant has been in custody since 6/27/2012.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: GABINO HUERTA-NAVARRETE  Page 3 of 5
Case Number: 8:12CR254-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: GABINO HUERTA-NAVARRETE  Page 4 of 5
Case Number: 8:12CR254-001

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall comply with all rules and regulations of the Bureau of Immigration Customs Enforcement and, if deported, shall not reenter the United States or reside therein without the express, written permission of the Secretary of the United States Department of Homeland Security.

4. The requirement of 18 U.S.C. § 3583 (d) regarding drug testing within fifteen (15) days of release on supervised release and to at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because it appears the defendant will be deported.

5. The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402) 437-1920, within seventy-two (72) hours of release from confinement and/or return to the United States and, thereafter, as directed by the probation officer.

Defendant: GABINO HUERTA-NAVARRETE                                                       Page 5 of 5
Case Number: 8:12CR254-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 (remitted) | | |

### FINE

No fine imposed.

### RESTITUTION

No restitution was ordered.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk